**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3131-18

ALLYSON WALLACE,

    Plaintiff-Appellant,

v.

STARKIST,

    Defendant-Respondent.

_____

> Submitted December 7, 2020 – Decided February 10, 2021
>
> Before Judges Fasciale and Rothstadt.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7583-17.
>
> Allyson Wallace, appellant pro se.
>
> Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, PC, attorneys for respondent (Philip A. Garubo, Jr., on the brief).

PER CURIAM

    Plaintiff Allyson Wallace filed a complaint against defendant Starkist for damages arising from her alleged injuries that were caused by her eating a

foreign substance in a can of defendant 's tuna fish. In response to a Rule 4:6-2(e) motion by defendant, Judge Robert H. Gardner dismissed plaintiff's complaint with prejudice because it was filed after the statute of limitations had expired. On December 19, 2018, in response to numerous unsuccessful motions to reinstate, Judge Sallyanne Floria entered a Rosenblum[1] order that required plaintiff's motions to be screened before filing. When plaintiff filed a motion to reinstate that was supported by an alleged copy of her complaint bearing a timely filed stamp, Judge Floria approved its filing and transferred it to Judge Gardner. On February 15, 2019, Judge Gardner denied the motion because he concluded that the copy of the complaint plaintiff had produced was an altered document.

Plaintiff appeals from Judge Floria's Rosenblum order and Judge Gardner's February 15, 2019 order. On appeal, she argues that Judge Gardner's determination was not supported by the evidence on the motion, she was entitled to relief from the order dismissing her complaint under Rule 4:50-1, and the problems with the filing of her complaint were clerical errors that should have been remedied under Rule 1:13-1. We find no merit to plaintiff's contentions.

---

[1] Rosenblum v. Borough of Closter, 333 N.J. Super. 385, 387 (App. Div. 2000) (addressing when the court can screen a litigant's submissions before filing).

We affirm substantially for the reasons stated by Judge Gardner in his February 15, 2019 oral decision.

On September 6, 2015, plaintiff allegedly choked on a white, "egg-like" object found within a can of Starkist tuna.[2]  Following this incident, on October 27, 2015, plaintiff was "tested" at a hospital and diagnosed with a sore throat and contact dermatitis, and prescribed medication.

On August 30, 2017, plaintiff submitted her complaint for filing.  On September 5, 2017, plaintiff was granted a filing fee waiver under Rule 1:13-2.  On September 19, 2017, the court's clerk notified plaintiff that her complaint was deficient due to plaintiff's failure to file a case information statement (CIS).  The notice also provided that if plaintiff returned the required documents within ten days, her complaint would be filed as of the original filing date as permitted by Rule 1:5-6(c).  Despite that notice, according to the court clerk's records, plaintiff did not refile her complaint until October 23, 2017.

In lieu of an answer, defendant filed a Rule 4:6-2(e) motion on January 23, 2018, seeking to dismiss plaintiff's complaint with prejudice due to plaintiff's failure to file her complaint before the statute of limitations, N.J.S.A.

---

[2]  Plaintiff indicated that she sent the white, egg-like object to Starkist, who identified the object as the eyeball of a tuna fish.

2A:14-2, had run on September 6, 2017. During oral argument on defendant's motion on March 2, 2018, plaintiff represented that she had documents that established her timely filing of her complaint, but she did not produce them in court. Judge Gardner afforded plaintiff time to supply him and defense counsel with those documents and, when she failed to do so, granted defendant's motion on March 16, 2018, and dismissed plaintiff's complaint with prejudice.

Thereafter, plaintiff filed twelve motions to vacate the dismissal and reinstate her complaint.[3] Judge Gardner denied each one because none of her motions were supported by evidence that proved she filed her complaint within the applicable statute of limitations. Defendant moved at one point for an order imposing sanctions for plaintiff's repetitious filings, and on September 14, 2018, Judge Gardner entered an order imposing a $500 sanction on plaintiff under Rule 1:4-5 and suggested that defendant seek the entry of a Rosenblum order if plaintiff persisted in filing unsupported motions.

On October 4, 2018, defendant filed a motion requesting that plaintiff be held in contempt for failure to pay the $500, that plaintiff be compelled to pay the $500, and that plaintiff be enjoined from future filings regarding the statute

---

[3] Plaintiff filed two motions "to vacate dismissal/reinstate the complaint" prior to the actual dismissal of her complaint; one on January 29, 2018, and the other on March 8, 2018.

of limitations.  On October 12, 2018, Judge Gardner granted the motion in part, finding plaintiff in contempt and compelling her to pay the fine, but declining to address plaintiff's ability to file motions because those requests "ha[d] to be decided by the Assignment Judge."

Defendant refiled the motion for that relief before Judge Floria, the Assignment Judge.  At oral argument on December 19, 2018, plaintiff again responded that she had in her possession, but not in court, documents that established her timely filing of the complaint.  On the same day, Judge Floria granted the motion in part and issued a Rosenblum order enjoining plaintiff from filing any additional motions regarding the statute of limitations and requiring that all of plaintiff's future filings in the matter be marked "received but not filed" unless otherwise ordered by Judge Floria.  The order also vacated the entry of sanctions against plaintiff.

On December 21, 2018, plaintiff for the first time produced a complaint together with a CIS bearing a "filed" stamp dated September 26, 2017, with no supporting motion.  The "filed" stamp on the complaint appeared as follows:



The stamp on the bottom of the CIS appeared as follows:



Relying on these documents, plaintiff filed a motion on January 14, 2019,

to vacate dismissal and reinstate her complaint on the basis that the documents

demonstrated that she filed her complaint and CIS with Judge Gardner's chambers on September 26, 2017. After reviewing plaintiff's submission, Judge Floria approved the filing and assigned the matter to Judge Gardner.

On February 15, 2019, Judge Gardner held oral argument on plaintiff's motion. During the arguments, plaintiff provided the judge with copies of her complaint and CIS, which she claimed demonstrated that they were timely filed on September 26, 2017. In response to these documents, defendant's counsel pointed out that plaintiff had been given nearly a year to provide the documents, that the documents did "not appear in the court jacket," and did "not appear authentic on their face."

After reviewing the documents and considering the parties' arguments, Judge Gardner denied plaintiff's motion. He found that the stamp indicating plaintiff had filed her complaint and CIS on September 26, 2017 with his chambers was "suspect" and that the "filed" stamp appeared to have been taken from a different document and subsequently affixed to plaintiff's complaint. He noted that the words "civil action" in block letters appeared behind the "filed" stamp and found that those words are not part of the stamp, nor did those words normally appear in the position on the complaint where the stamp was placed. He further observed that the words "civil action" also appeared off-center,

indicating that they were not part of the stamp, but rather had been taken from a different document bearing Judge Gardner's stamp and placed on a copy of plaintiff's complaint and CIS after the fact.  Moreover, Judge Gardner noted that the court clerk had no record of plaintiff's September 26 filing, and the stamp—bearing his name and the word "filed"—could not have come from his chambers because "individual [j]udges' [c]hambers are not authorized to receive and file stamped filed copies of [the c]omplaint."  This appeal followed.

In her appellate brief, plaintiff contends that we should reverse the denial of her last motion because her complaint was ultimately filed within the statute of limitations, her failure to produce the document earlier was caused by "excusable neglect" under Rule 4:50-1, and any issue with the date of the "filed" stamp is a matter of clerical error under Rule 1:13-1.  We disagree.

Rule 4:50-1 allows a judge to vacate a final order or judgment under certain circumstances.  Pertinent to plaintiff's appeal are subsections "(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time . . . ; or (f) any other reason justifying relief from the operation of the judgment or order."  R. 4:50-1.  Rule 1:13, in pertinent part, provides that "clerical mistakes in judgments [or]

orders . . . arising from oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party." R. 1:13-1.

The record here does not support a finding that a clerical error occurred that resulted in the late filing of plaintiff's complaint, or that there was any reason under Rule 4:50-1 to vacate the dismissal order. Here, there was no dispute that the statute of limitations barred plaintiff's complaint if it was filed after September 6, 2017. Moreover, it was undisputed that plaintiff submitted her original complaint before that deadline, which could not be filed because it lacked a CIS, and that plaintiff received a notice from the clerk advising her that if she resubmitted her complaint with the CIS within ten days, it would be filed as of its original filing date.

It was also undisputed that plaintiff filed numerous motions during 2018 to reinstate her complaint without ever producing a copy of a timely filed complaint and CIS until she filed her last motion in January 2019. Finally, there was no dispute that the documents she submitted appeared in the form illustrated above, which Judge Gardner found was not a legitimate copy of a filed pleading based on the apparent alteration to the proffered document and it bearing his chamber's "filed" stamp, which was produced for the first time more than a year after the dismissal despite plaintiff having filed numerous motions to reinstate

supported by claims without any proof that she had documents to support her contentions.

In light of our understanding of the record before us, and the applicable principles of law, we conclude plaintiff's contentions on appeal are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E), as we find Judge Gardner did not abuse his discretion, see U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012), by refusing to vacate the earlier order dismissing plaintiff's complaint. Finally, because plaintiff did not brief any arguments challenging Judge Floria's December 19, 2018 Rosenblum order, any challenges to that order have been waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                              A-3131-18